IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WARREN PRIDEAUX<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Case Number: 3:24-cv-00211 |
| | §<br>§ | JURY DEMANDED |
| HOME DEPOT U.S.A., INC.,<br>*Defendant.* | §<br>§<br>§ | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
<u>**WITH JURY DEMAND**</u>

TO THE HONORABLE COURT:

NOW COMES Warren Prideaux, Plaintiff, (hereinafter "Plaintiff") in the above entitled and numbered cause, complaining of and against Home Depot U.S.A. Inc., Defendant, (hereinafter "Defendant"), and for cause of action would respectfully show unto the Court and Jury the following:

**I.**
**NATURE OF ACTION**

1.0   Plaintiff brings forth causes of action pursuant to Chapter 95 of the Texas Civil Practices and Remedies Code as a result of an injury that Plaintiff sustained on Defendant's premises.

**II.**
**PARTIES**

2.0   Warren Prideaux is an individual residing in Galveston County, Texas.

2.1   Defendant, Home Depot U.S.A., Inc., is a foreign for-profit corporation who has appeared and answered herein. No citation is requested.

**III.**
**JURISDICTION AND VENUE**

3.0     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

3.1     Venue is this Court under 28 U.S.C. § 1391(b), as the Southern District of Texas – Galveston Division is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

**IV.**
**FACTS**

4.0     On or about November 5, 2023, Plaintiff suffered serious bodily injuries and damages as a direct result of an occurrence caused by a dangerous condition at a Home Depot, which is located at 140 N. Bypass 35, Alvin, TX 77511 (hereinafter sometimes referred to as the "Premises"). Plaintiff entered the Premises with invitation and for the mutual benefit of Plaintiff and Defendant. Specifically, Plaintiff entered the Premises during normal business hours with the intent to purchase garden supplies.

4.1     Plaintiff was walking through the garden center of Home Depot after an employee recently watered the plants and was in close proximity of the location where the water on the floor was located. Plaintiff slipped on water that was left on the ground by the employee after watering the plants, and Plaintiff fell.

4.2     From the moment Plaintiff entered the Premises to the moment he slipped and fell, Plaintiff was an invitee on the Premises. From the moment Plaintiff entered the Premises to the moment he slipped and fell, Defendant was the owner and possessor of the Premises. None of Defendant's employees or agents made the condition safe, nor did any of Defendant's employees or agents warn Plaintiff of the dangerous condition. Defendant knew or reasonably should have

known of the dangerous condition. Defendant Home Depot Inc. had previous similar injuries at the same location, yet they did nothing to correct or attempt to abate the problem.

4.3     Defendant Home Depot's failure to protect patrons is due to its nation-wide policy regarding the provision of proper containers around the watered plants, anti-slip maps, and warning signs for customers after watering plants in the gardening section. Defendant Home Depot further understood at the time of the injury in question that previous falls from premise liability claims resulted in serious injuries each year throughout their nationwide branches, however, Home Depot Inc. has been consciously indifferent in not taken adequate steps to train their agents and employees how to warn customers and prevent foreseeable falls. Even after the incident in question, Defendant Home Depot Inc. has continued to not make changes to protect their customers from serious injuries.

## V.
## PREMISES LIABILITY

5.0     Plaintiff was a business invitee on the subject premises. He was on the Premises for the benefit of Defendant and with their invitation. Upon information and belief, Defendant was the owner, possessor, and exercised control of the subject premises, and was in charge and responsible for controlling, managing, inspecting, and maintaining a safe environment for business invitees such as Plaintiff.

5.1     The condition of the liquid substance on the ground constituted a dangerous condition which posed an unreasonable risk of harm to business invitees such as Plaintiff. Specifically, the substance made the ground much more slippery and increased the likelihood that somebody would slip and fall while shopping in the garden center of Defendant's store.

5.3     Defendant had either actual knowledge of the dangerous condition, or reasonably should have known of the danger. Defendant breached its duty of ordinary care to Plaintiff by failing to

adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. Defendant's breach of its duty was the proximate cause of Plaintiff's injury and damages.

## VI.
## GROSS NEGLIGENCE

6.0     Incorporating by reference the above paragraphs, Plaintiff alleges that all acts, conduct, and/or omissions on the part of the Defendant, taken singularly or in combination, constituted gross negligence and were the proximate cause of Plaintiff's injuries and damages. Defendant's acts and/or omissions, when viewed objectively from the Defendant's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## VII.
## DAMAGES

7.0     Plaintiff suffered, and seeks compensation for, the following types of damages:

   a.   The physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

   b.   Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

   c.   Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

   d.   Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

   g.   Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

    h.      Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

    i.       Past and future physical disfigurement,

    j.       Past and future physical impairment,

    k.      Past and future lost wages,

    l.       Cost of court; and

    m.     Exemplary damages.

## VIII.
## REQUEST FOR JURY TRIAL

8.0   Plaintiff requests a jury trial.

## IX.
## MISNOMER/ALTER EGO/TRADE NAME

9.0   In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

9.1   To the extent that either Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant, and Plaintiff demands that, upon answer to this complaint, that Defendant answers in its correct legal and assumed name.

## X.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.0   Plaintiff herein claims interest in accordance with Texas Finance Code §304.001 et seq. and any other applicable law.

## XI.
## ALTERNATIVE PARAGRAPH NO. 1

11.0   In the alternative, if it is shown that Plaintiff, prior to the occurrence, had pre-existing medical, physical and/or psychological conditions, he has sustained aggravation of such pre-existing medical, physical and/or psychological conditions. More particularly, if the evidence demonstrates that, prior to the occurrence in question, Plaintiff had pre-existing conditions, such conditions at the time of the occurrence were latent, controlled and/or non-debilitating. The occurrence and conduct of Defendant has activated, aggravated, and/or accelerated such conditions. Further, as a consequence of Plaintiff's injuries caused by Defendant, Plaintiff has been made more vulnerable and pre-disposed to subsequent further injury, aggravation of the injuries resulting from the occurrence in question, and to the effects of subsequent stressors. He also has sustained additional mental anguish because of this increased vulnerability, which in reasonable probability he will experience for the remainder of his life.

## XII.
## ALTERNATIVE PARAGRAPH NO. 2

12.0   In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendant herein.

## XIII.
## PRAYER

13.0   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**ATTORNEY BRIAN WHITE & ASSOCIATES, P.C.**

*/s/ Simone R. Bray*

Simone R. Bray
Texas Bar No. 24101038
S.D. Tex. Bar No. 3884013
simoneb@attorneybrianwhite.com
3120 Southwest Freeway, Suite 350
Houston, Texas 77098
(713) 500-5000 – Telephone
(713) 500-5555 – Facsimile
E-Service:
litigation@attorneybrianwhite.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**