United States District Court
Southern District of Texas
**ENTERED**
November 13, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| WARREN PRIDEAUX, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00211 |
| § | |
| HOME DEPOT U.S.A., INC., § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Pending before me in this slip-and-fall case is a motion for summary judgment filed by Defendant Home Depot U.S.A., Inc. *See* Dkt. 34. Having reviewed the briefing, the record, and the applicable law, I deny the motion as to the premises liability claim but grant the motion as to the gross negligence claim.

## BACKGROUND

On November 5, 2023, Plaintiff Warren Prideaux slipped and fell while shopping in the outdoor garden center of a Home Depot in Alvin, Texas. On the day of the incident, Prideaux went to Home Depot for lumber and potting soil. After using a large, flatbed shopping cart to retrieve the lumber, Prideaux exited Home Depot's interior doors leading to the outdoor garden center. Around 9:15 a.m., Prideaux slipped on water on the garden center's ground and fell, hitting his tailbone, hip, and head.

On June 11, 2024, Prideaux filed suit against Home Depot in state court, asserting premises liability. Home Depot timely removed the case to federal court. In his First Amended Complaint, Prideaux added a gross negligence claim. Discovery is complete, and Home Depot has moved for summary judgment.

## SUMMARY JUDGMENT STANDARD

A movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit[,] and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (citation modified).

"The moving party bears the initial burden of showing that there is no genuine issue for trial." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). "For a defendant, this means showing that the record cannot support a win for the plaintiff—either because the plaintiff has a failure of proof on an essential element of its claim or because the defendant has insurmountable proof on its affirmative defense to that claim." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). "If the defendant succeeds on that showing, the burden shifts to the plaintiff to demonstrate that there *is* a genuine issue of material fact and that the evidence favoring the plaintiff permits a jury verdict in the plaintiff's favor." *Id.*

"To satisfy its burden, the party opposing summary judgment is required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citation modified). "It is axiomatic that the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Davis v. Davis*, 826 F.3d 258, 264 (5th Cir. 2016) (quotation omitted).

"The Supreme Court has recognized that, even in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'" *Black v. J.I. Case Co., Inc.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## ANALYSIS

To prevail on his premises-liability claim under Texas law, Prideaux must establish that: (1) Home Depot had actual or constructive knowledge of a condition on the premises; (2) "the condition posed an unreasonable risk of harm"; (3) Home

Depot "did not exercise reasonable care to reduce or eliminate the risk"; and (4) Home Depot's "failure to use such care proximately caused [Prideaux]'s injuries." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

### A. THERE IS A GENUINE DISPUTE ABOUT WHETHER THE WATER CONSTITUTED AN OPEN AND OBVIOUS CONDITION

The Supreme Court of Texas has stressed "that premises owners are not strictly liable for conditions that result in injury." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). "Generally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). Yet, a premises owner is not an insurer of an invitee's safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). Accordingly, a premises owner has no duty to protect invitees from, or warn against, conditions that are "open and obvious." *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020).

As the Supreme Court of Texas has explained:

> When the condition is open and obvious or known to the invitee . . . , the landowner is not in a better position to discover it. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.

*Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

"Whether a danger is open and obvious is a question of law determined under an objective test. The question is whether the danger is so open and obvious that as a matter of law the plaintiff will be charged with knowledge and appreciation thereof." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (citation modified). Thus, "the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would

have known under similar circumstances." *Id.* "The common denominator" in cases where Texas and federal courts have found conditions to be open and obvious "is distinctive, conspicuous features inherent in the condition relative to its surroundings, the extent to which the condition is unobscured from view, and the fact that the plaintiff was, or a reasonable person—with plaintiff's degree of familiarity under similar circumstances—would have been, aware of the condition." *Ille v. Lowe's Home Ctrs., LLC*, No. 1:20-cv-143, 2021 WL 6063112, at *5 (N.D. Tex. Dec. 20, 2021) (collecting cases).

Home Depot contends that Prideaux's premises liability claim fails because "water on the ground in the uncovered garden center filled with plants during the day is an open and obvious dangerous condition." Dkt. 34 at 9. Prideaux retorts that he slipped, not just on water on the ground, but "on a dangerous combination of water, mud, and algae that Home Depot had allowed to accumulate on their garden center floor." Dkt. 35 at 1. Prideaux's expert, Jason English, will opine that:

> [P]roperly finished exterior concrete and asphalt surfaces should retain adequate slip resistance under normal wet conditions, and therefore the appearance of wetness on an exterior textured concrete walkway would not necessarily alert a common retail customer that the surface is slippery. However, when such water pools in areas, or is combined with the soil and debris created from the plant watering process, and/or the presence of algae or mildew in some areas, the slippery condition created may not be reasonably perceived or expected by a customer. That is, even if water on an exterior surface is seen, any danger associated with such water, particularly in combination with the water pooling, soil/mud, debris, and algae/mildew, may not be reasonably appreciated or obvious to a customer, based on common experiences on exterior sidewalks, parking lots, and other exterior surfaces that are reasonably slip resistant even when water is present.

Dkt. 52 at 17.

In its reply brief, Home Depot acknowledges English's opinion "that the mere appearance of liquid on exterior concrete would not necessarily indicate it being slippery." Dkt. 36 at 3. Yet, Home Depot offers no competent summary judgment evidence or argument in response. Instead, Home Depot argues only

that "the distinction between wet and dry concrete is extremely apparent." *Id.* at 4. Indeed, it is. But Prideaux's argument is that the water, which is itself apparent, is not an open and obvious dangerous condition when combined with algae and mildew growth that make the concrete more slippery than normal when wet. Home Depot's failure to respond to that assertion creates a genuine dispute of material fact as to whether the water on the ground in the garden center was an open and obvious dangerous condition.

In *O'Connor v. Wal-Mart Stores Texas, L.L.C.*, the Fifth Circuit held that the district court erred in granting summary judgment in Wal-Mart's favor on the plaintiff's premises liability claim because a reasonable jury could have found that unnatural algae growth on the sidewalk outside the garden center where plaintiff slipped was an unreasonably dangerous condition. *See* No. 21-40609, 2023 WL 316368, at *3 (5th Cir. Jan. 19, 2023). Unlike in *O'Connor*, the parties here have focused their dispute, not on whether the water was an unreasonably dangerous condition, but whether it was an open and obvious condition. Regardless, the same logic deployed in *O'Connor* applies here.

The evidence in the summary judgment record creates a genuine dispute of material fact as to whether a reasonably prudent person would have been aware that the garden center's concrete floor was slippery even when wet, due to the presence of algae and mildew growth. Accordingly, Home Depot is not entitled to summary judgment on the argument that the water constituted an open and obvious dangerous condition of which it had no duty to warn Prideaux.

**B.   THERE IS A GENUINE DISPUTE ABOUT THE ADEQUACY OF HOME DEPOT'S WARNINGS**

Home Depot next argues that, even if the water was not an open and obvious condition, it adequately warned Prideaux of the condition.

"If the evidence conclusively establishes that the property owner adequately warned the injured party of the condition, then the property owner was not negligent as a matter of law." *Henkel*, 441 S.W.3d at 252. A warning is adequate "if,

given the totality of the surrounding circumstances, the warning identifies and communicates the existence of the condition in a manner that a reasonable person would perceive and understand." *Id.* at 253. To be adequate, a warning must "identify the particular hazard." *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009).

To enter the garden center from Home Depot's interior, Prideaux passed through two automatic sliding glass doors, each of which bore a yellow caution warning that spanned the width of the door and warned, "CAUTION Plants Are Watered Frequently Floors Are Slippery," as shown below:



Dkt. 34-2 at 1.



Dkt. 52 at 18. There is no question that these warnings communicate the particular hazard: slippery floors. Prideaux maintains, however, that these warnings were approximately "120–130 feet away" from where he fell. Dkt. 35 at 7. Additionally, "[w]hen the sliding doors open, the warning slides to the side and is not visible to customers entering." *Id*.

In its reply brief, Home Depot reiterates that "there was a sign on the door [that Prideaux] walked through." Dkt. 36 at 7. Yet, Home Depot fails to engage with the crux of Prideaux's argument: that the sign was meaningless because it was far from where Prideaux fell, and its placement on a sliding glass door means that it slid out of view. Because Home Depot fails to address these assertions of fact, I consider it undisputed for the purposes of this summary judgment motion that the "warning strip on the sliding glass doors was 120–130 feet away from where Mr. Prideaux fell," and that "the warning slides to the side and is not visible to customers entering." Dkt. 35 at 7; *see also* Fed. R. Civ. P. 56(e)(2). Accordingly, Home Depot is not entitled to summary judgment on the argument that the sliding-glass-door warnings adequately warned Prideaux of the danger of slippery floors in the garden center.

Home Depot also argues that the "cone sign on the ground [that Prideaux] passed" constituted an adequate warning. Dkt. 36 at 7. The record includes several photographs of the area where Prideaux fell, taken shortly after the incident. One photograph shows a yellow wet-floor sign that Prideaux would have passed on his left after entering the doors of the garden center:

7



Dkt. 36-1 at 3. Prideaux disputes that this cone was near his fall. But whether Prideaux saw the cone, or whether it was near his fall, misses the point. There is nothing in the record to indicate that the yellow cone warned of the particular hazard: slippery floors.

As discussed above, English's expert report is competent summary judgment evidence suggesting that a reasonable shopper would not have understood the exterior concrete floors of the garden center to be slippery even when wet. Thus, even if Prideaux saw the yellow wet-floor cone, there is still a genuine dispute of material fact as to whether the cone was a legally adequate warning that the floor was slippery. Accordingly, Home Depot is not entitled to summary judgment on the argument that the yellow wet-floor sign adequately warned Prideaux of the danger of slippery floors in the garden center.

C.     GROSS NEGLIGENCE

Prideaux asserts "that all acts, conduct, and/or omissions on the part [Home Depot], taken singularly or in combination, constituted gross negligence and were the proximate cause of [his] injuries and damages." Dkt. 13 at 4. Home Depot argues that even if Prideaux prevails on his premises liability claim, his gross negligence claim should fail.

8

Negligence is the failure to use ordinary or due care—the failure to act as a reasonably prudent person would have acted under the same or similar circumstances. *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008).

> To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim *and* demonstrate clear and convincing evidence of "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006) (citations omitted).

*Austin*, 746 F.3d at 196 n.2. The objective element of this test is the extreme degree of risk; the subjective element is the defendant's actual awareness of the risk while proceeding with conscious indifference. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). To prove these elements, Prideaux must offer "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.*

I will assume for the sake of argument that Prideaux can establish the objective, extreme degree of risk. Even so, Prideaux cannot establish that Home Depot acted with actual awareness and conscious indifference to the rights, safety, or welfare of others.

Prideaux quotes *Winn-Dixie Texas, Inc. v. Buck*, for the proposition that the summary judgment "evidence demonstrates that Home Depot 'simply did not care whether [anyone] slipped on the water or not,' which constitutes gross negligence." Dkt. 35 at 13 (quoting 719 S.W.2d 251, 254 (Tex. App.—Fort Worth 1986)). But the negligence in *Winn-Dixie* is far afield of the garden-variety negligence that Prideaux alleges here. In *Winn-Dixie*, the store manager was aware of a problem with a clogged drain in a produce area that caused water to accumulate on the floor indoors, and the evidence showed "that the employees of Winn-Dixie either knew or should have known of the water on the floor." 719 S.W.2d at 253. Moreover, the trial court admitted into evidence accident reports "for a period of several years prior" to the plaintiff's fall, all of which "involved falls by customers slipping on

9

water on the floor, with the water generally leaking from some display case," and many of which "involved clogged up drains." *Id.* at 254. As proof that *Winn-Dixie* "did not care" about this known risk, the appellate court pointed to the fact that there was no effort to repair the drain, and "no effort was made to block off the area, put up a sign in the area, or to post someone at the area where the store employees knew or should have known that water was accumulating." *Id.* The gross negligence described in *Winn-Dixie* bears little resemblance to the negligence alleged here.

To start, Home Depot did not have a recurring maintenance problem that it made no effort to repair. Watering plants at a garden center is a routine activity. More importantly, unlike in *Winn-Dixie*, Home Depot placed signs in the area alerting customers to the wet floor and, by way of the sliding-glass door, alerted customers that the floors were slippery. That those warnings may have been legally inadequate is not proof of gross negligence. The warnings are themselves evidence that Home Depot cared about mitigating the risk of the slippery floors in its garden center.

Prideaux points to prior slip-and-falls at the garden center as proof that Home Depot was actually aware of and consciously indifferent to the hazard:

> Home Depot's own records document at least two prior incidents in the garden center involving water from watering operations: on May 5, 2021, a customer "slipped and fell coming back in the garden entrance" while a "Garden associate was watering," and on July 27, 2023—just three months before Mr. Prideaux's incident—another customer was "walking through outside Garden between plant tables" when "he saw water on ground and tried to walk around it but it ended up slipping."

Dkt. 35 at 11–12.

"Evidence of other accidents, near accidents, or related similar events has long been recognized as probative evidence in Texas courts" when it is established that (1) the conditions were similar or reasonably similar; (2) the conditions are connected in some special way; and (3) "the incidents occurred by means of the

same instrumentality." *Winn-Dixie*, 719 S.W.2d at 254 (quotation omitted). Here, Prideaux has not offered enough evidence to establish an adequate predicate for permitting consideration of these incidents. As to the first incident, it is unclear whether the person slipped in the outdoor garden center like Prideaux, or inside the store after returning from the garden center. As to the second incident, it is unclear what instrumentality caused the customer's fall. Yes, water was involved because the customer saw water and tried to walk around it, but that in itself does not mean that the customer actually slipped *on the water*. Given these unexplained differences, there is simply no adequate predicate for considering these two other slip-and-fall incidents.

Because Prideaux has not carried his burden to demonstrate by clear and convincing evidence that Home Depot acted with actual awareness and conscious indifference to the rights, safety, and welfare of others, Home Depot is entitled to summary judgment on Prideaux's gross negligence claim.

## CONCLUSION

For the reasons discussed above, Home Depot's motion for summary judgment (Dkt. 34) is denied as to Prideaux's premises liability claim but granted as to his gross negligence claim.

SIGNED this 13th day of November 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE